**Joseph DEANGELIS, et al., Plaintiffs,**

**v.**

**Jon S. CORZINE, et al., Defendants.**

**In re MF Global Holdings Ltd. Investment Litigation.**

**No. 11 Civ. 7866.**

United States District Court, S.D. New York.

May 21, 2012.

Christopher J. Keller, Cynthia A. Hanawalt, Dominic J. Auld, Iona Maria May Evans, Javier Bleichmar, Stephen William Tountas, Labaton Sucharow LLP, New York, NY, Gerald H. Silk, Hannah Elizabeth Ross, Salvatore Jo Graziano, Sean K. O'Dowd, Stefanie Jill Sundel, Bernstein, Litowitz, Berger & Grossman LLP, New York, NY, for Plaintiffs Virginia Retirement System and Her Majesty the Queen in Right of Alberta.

Brian C. Kerr, David A.P. Brower, Brower Piven, A Professional Corporation, New York, NY, Jason Mathew Leviton, Scott A. Mays, Berman DeValerio, Boston, MA, Jeffrey Craig Block, Whitney Erin Street, Block & Leviton LLP, New York, NY, for Plaintiff Joseph Deangelis.

Russell David Paul, Berger & Montague, P.C., Philadelphia, PA, for Plaintiff City of Philadelphia Board of Pensions and Retirement and Palisade Strategic Master Fund (Cayman) Limited.

Amanda Marjorie Steiner, Christina H. C. Sharp, Daniel Charles Girard, Girard Gibbs LLP, San Francisco, CA, Salvatore Jo Graziano, Bernstein, Litowitz, Berger & Grossman LLP, New York, NY, for Plaintiff Jerome Vrabel.

Bearing Fund LP, Pro se.

Amanda Marjorie Steiner, Christina H. C. Sharp, Girard Gibbs LLP, San Francisco, CA, Edward H. Glenn, Jr., Zamansky & Associates, L.L.C., New York, NY, Jacob H. Zamansky, Zamansky & Associates LLC, New York, NY, Salvatore Jo Graziano, Bernstein Litowitz Berger & Grossmann LLP, New York, NY, for Monica Rodriguez and Cyrille Guillaume.

Christopher J. Gray, Law Office of Christopher J. Gray, P.C, New York, NY, Stephen David Oestreich, Entwistle & Cappucci LLP (NYC), New York, NY, for Davide Accomazzo.

John J. Witmeyer, III, Jon Ryan Grabowski, Ford Marrin Esposito Witmeyer & Gleser, LLP, New York, NY, for Sapere CTA Fund, LP.

Andrei V. Rado, Benjamin Yehuda Kaufman, Carla F. Fredericks, Milberg LLP (NYC), New York, NY, Charles Michael Plavi, Jeffrey R. Krinsk, Mark Leland Knutson, Finkelstein and Krinsk, San Diego, CA, for Summit Trust Company.

Daniel John Walker, Merrill G Davidoff, Michael Dell'Angelo, Berger & Montague, P.C., Philadelphia, PA, Francis P. Karam, Francis P. Karam, Esq. PC, New York, NY, Roger Joel Bernstein, Roger J. Bernstein, Attorney at Law, New York, NY, for Thomas G. Moran, Kay P. Tee, LLC, John Andrew Szokolay, and Danald Tran.

Clinton A. Krislov, Krislov & Associates, Ltd., Chicago, IL, for Gregory Bartell and Daniel M. Pierce.

Brittany E. Kirk, Claire E. Gorman, Michael H. Moirano, Nisen & Elliott, LLC, Chicago, IL, for Henning-Carey Proprietary Trading, L.L.C., Charles Carey, Joseph Niciforo, Robert Tierney, Shane McMahon, Michael Mette, and Timothy Zug.

Arthur Harlod Aufses, III, Craig Louis Siegel, Paul Henry Schoeman, Kramer Levin Naftalis & Frankel, LLP, New York, NY, for Michael G. Stockman.

Stuart Jay Baskin, Adam Selim Hakki, H. Miriam Farber, Shearman & Sterling LLP, New York, NY, for Sandler O'Neill & Partners, L.P. and U.S. Bancorp Investments, Inc.

James J. Capra, Jr., David M. Fine, James P. Cusick, King & Spalding LLP, New York, NY, for PricewaterhouseCoopers LLP.

Laura Steinberg, Sullivan & Worcester LLP, Boston, MA, for David Dunne.

## DECISION AND ORDER

VICTOR MARRERO, District Judge.

On April 23 and May 7, 2012, the Judicial Panel on Multidistrict Litigation (the "MDL Panel") consolidated before this Court various civil actions arising out of the events that precipitated the bankruptcy of MF Global Holdings Ltd. ("MF Global"). (*See* Conditional MDL Transfer In Orders, *In re: MF Global Holdings Ltd. Investment Litigation*, 12 MD 2338, Docket Nos. 1 & 4.) There are two basic types of action consolidated within this multidistrict litigation: (1) claims asserted by owners of MF Global stock or bonds, under federal securities laws and related causes of action (the "Securities Action");[1] and (2) claims advanced by MF Global customers, who held commodities futures trading accounts with MF Global at the time of its collapse and advance causes of action founded upon federal commodities laws, among other claims (the "Commodities Action").[2]

By memo endorsements on January 3 (Docket No. 89) and January 18, 2012 (Docket No. 109), the Court set January 30, 2012 as the deadline for all motions seeking the appointment of interim lead plaintiff and interim lead counsel in the Commodities Action. The Court deferred consideration of these motions until after the MDL Panel issued its ruling regarding the consolidation of civil actions arising from the MF Global bankruptcy. In light of the MDL Panel's recent orders and for the reasons discussed below, the Court now GRANTS the motions of Sapere CTA Fund, L.P. ("Sapere") and the Consensus Plaintiffs (a coalition of plaintiffs described below) and DENIES all competing motions.

## I. BACKGROUND

The Court initially received five such motions from counsel for the following putative interim lead counsel and lead plaintiffs[3]:

- Kay P. Tee, LLC, Thomas G. Moran, John Andrew Szokolay, Donald Tran, William Fleckenstein, Mark Dwyer, Thomas S. Wacker, and Summit Trust Company (collectively, the "Kay P. Tee Plaintiffs") (Docket No. 155);

- Paradigm Global Fund I Ltd., Paradigm Equities Ltd., Paradigm Asia Ltd., Zybr Holdings, LLC, Augustus International Master Fund, L.P., and William Schur (collectively, the "Paradigm Plaintiffs") (Docket No. 159);

- H. Martin Klinker, Jr., Rocking K Land and Cattle, Inc., Philip Timothy Johnson and Wade Jacobsen (collectively, the "Klinker Plaintiffs") (Docket No. 162);

- David Accomazzo and Robert E. Calle Gracey (the "Accomazzo Plaintiffs") (Docket No. 170); and

- Sapere (Docket No. 149).

Sapere filed an individual action (*Sapere CTA Fund L.P. v. Corzine et al.*, 11 Civ. 9114 (S.D.N.Y.)) alleging commodities claims, among other causes of action, which has been

---

**1.** By order dated January 20, 2012, the Court appointed the Virginia Retirement System and Her Majesty the Queen in Right of Alberta as lead plaintiffs in the Securities Action and named Bernstein Litowitz Berger & Grossmann LLP and Labaton Sucharow LLP as co-lead counsel. (Docket No. 140.)

**2.** As of the date of this Decision and Order, twelve complaints alleging violations of federal commodities laws have been filed and consolidated before the Court: (1) *Accomazzo et al. v. Corzine et al.*, No. 11 Civ. 8467 (S.D.N.Y.); (2) *Summit Trust Company v. Corzine et al.*, No. 12 Civ. 0087 (S.D.N.Y.); (3) *Kay P. Tee, LLC, et al. v. Corzine et al.*, No. 12 Civ. 0195 (S.D.N.Y.); (4)

*Marcin v. Corzine et al.*, No. 12 Civ. 0499 (S.D.N.Y.); (5) *Andrews v. Corzine, et al.*, 12 Civ. 0661 (S.D.N.Y.); (6) *Wacker v. Corzine, et al.*, 12 Civ. 0705; (7) *Paradigm Global Fund I Ltd. et al. v. Corzine et al.*, No. 12 Civ. 0740 (S.D.N.Y.); (8) *Kennedy v. Corzine, et al.*, No. 12 Civ.1982 (S.D.N.Y.); (9) *Varner v. Corzine, et al.*, 12 Civ. 1722 (S.D.N.Y.); (10) *Henning–Carey Proprietary Trading, LLC, et al. v. Corzine, et al.*, 11 Civ. 8717 (N.D.Ill.); (11) *Pierce, et al. v. Corzine, et al.*, 12 Civ. 1325 (N.D.Ill.); and (12) *Klinker, et al. v. Corzine, et al.*, 12 Civ. 0005 (D.Mt.).

**3.** Except where further clarification is necessary, lead counsel applicants will be referred to by the title of the plaintiff-group that they represent.

consolidated with the putative class actions. Accordingly, Sapere does not seek to be named class counsel, but rather requests only that it be appointed co-lead plaintiff to retain control over its individual causes of action.

Subsequent to the filing of these motions, the lead counsel applicants engaged in discussions with the purpose of developing a consensual leadership structure for the prosecution of the Commodities Action. As a result of those negotiations, the number of lead counsel applicants has been reduced to three: (1) the Kay P. Tee Plaintiffs and Paradigm Plaintiffs (now the "Consensus Plaintiffs"); (2) the Klinker Plaintiffs; and (3) the Accomazzo Plaintiffs. According to the Consensus Plaintiffs, their application is supported by the named plaintiffs responsible for ten of the twelve commodities suits here consolidated.[4] Sapere's request—that it be included in any leadership structure established for the class action in recognition of its sizable and individual claim—remains unaltered by this private ordering.

## II. *ANALYSIS*

■ Federal Rule of Civil Procedure 23 ("Rule 23") permits the Court to "designate interim counsel to act on behalf of a putative class before determining whether to certify the action as a class action." Fed.R.Civ.P. 23(g)(3). "The designation of interim class counsel is especially encouraged in cases ... where there are multiple, overlapping class actions that require extensive pretrial coordination." *In re LIBOR–Based Fin. Instruments Antitrust Litig.*, 11 Md. 2262, 2011 WL 5980198, at *2 (S.D.N.Y. Nov. 29, 2011) (*citing In re Air Cargo Shipping Servs. Antitrust Litig.*, 240 F.R.D. 56, 57 (E.D.N.Y. 2006) (citing Manual for Complex Litigation (Fourth) § 21.11 (2004))).

■ Candidates for interim class counsel are evaluated under the same rubric as

potential counsel for certified classes. *In re Crude Oil Commodity Futures Litig.*, 11 Civ. 3600, 2012 WL 569195, at *1 (S.D.N.Y. Feb. 14, 2012); *In re Bear Stearns Cos. Sec. Derivative and ERISA Litig.*, No. 08 MD 1963, 2009 WL 50132, at *11 (S.D.N.Y. Jan. 5, 2009). In selecting class counsel, Rule 23 requires a court to consider "(i) the work counsel has done in identifying or investigating potential claims in the action; (ii) counsel's experience in handling class actions, other complex litigation, and the types of claims asserted in the action; (iii) counsel's knowledge of the applicable law; and (iv) the resources that counsel will commit to representing the class[.]" Fed.R.Civ.P. 23(g)(1)(A). Additionally, a court "may consider any other matter pertinent to counsel's ability to fairly and adequately represent the interests of the class [.]" Fed.R.Civ.P. 23(g)(1)(B). Where there are multiple lead counsel applicants, and each are "adequate" as evaluated under the criteria enumerated in Rule 23(g)(1)(A), "the court must appoint the applicant best able to represent the interests of the class." Fed.R.Civ.P. 23(g)(2). "Ultimately, '[t]he goal of all the procedures surrounding the appointment of class counsel ... is to establish appropriate structures and monitoring mechanisms to substitute for the ordinary attorney-client relationship and to assure performance of the fiduciary responsibilities owed by both the lawyer and the lead plaintiff to the class.'" *In re Crude Oil Commodity Futures Litig.*, 2012 WL 569195, at *1 (*quoting* Stephen A. Saltzburg et al., *Third Circuit Task Force Report on Selection of Class Counsel*, 74 Temp. L.Rev. 689, 696 (2001)).

The three applicants for lead counsel now before the Court are each "adequate" under the rubric set forth in Rule 23(g)(1)(A). Each has undergone significant efforts to identify and investigate potential class claims; each has experience prosecuting class actions and dealing with the commodities laws. The Court has no reason to doubt

4. The Consensus Plaintiffs' application is joined by the plaintiffs in *Henning–Carey Proprietary Trading, LLC, et al. v. Corzine, et al.*, 11–cv–8717 (N.D.Ill.). By letter dated February 17, 2012, and prior to their action being consolidated and transferred to this Court, the *Henning–Carey* plaintiffs reserved their right to move for appointment as lead plaintiff and interim lead counsel. (Docket No. 238.) After the MDL Panel consolidated their case into this litigation, counsel for the *Henning–Carey* plaintiffs, Nisen & Elliott, LLC, joined the leadership structure proposed by the Consensus Plaintiffs.

that each applicant possesses the legal knowledge and resources necessary to competently administer the Commodities Action. Because each applicant is adequate, the Court must select as interim lead counsel the "applicant best able to represent the interests of the class." Fed.R.Civ.P. 23(g)(2). The Court is persuaded that the Consensus Plaintiffs are that applicant.

■ Though each applicant is adequate as evaluated under Rule 23(g)(1)(A), a review of the four considerations set forth therein demonstrates that the Consensus Plaintiffs are in the strongest position to serve as interim class counsel. Specifically, the firms organized in the Consensus Plaintiffs' application are some of the most sophisticated and successful plaintiffs' firms in the nation and are comprised of scores of lawyers with offices located in cities—like New York and Chicago—proximate to evidence and witnesses relevant to the Commodities Action. In contrast, the Klinker Plaintiffs are represented by a single, highly-regarded firm comprised of fewer than 30 attorneys, and the Accomazzo Plaintiffs are represented by a three-attorney firm purportedly leading a coalition of sole practitioners or small firms. Moreover, the Consensus Plaintiffs have already begun to create the infrastructure necessary to effectively and efficiently conduct the Commodities Action by organizing a leadership structure to include other plaintiffs' counsel in decisionmaking and work assignments and by establishing a proprietary document collection and review platform to process the voluminous discovery that this litigation will no doubt occasion.

Though the Accomazzo Plaintiffs' counsel asserts superior experience in the specific field of commodities futures law, the Consensus Plaintiffs include attorneys with substantial commodities futures experience of their own—as both lawyers and businesspeople—and boast an insurmountable advantage in terms of resources and experience managing complex class actions, including, crucially, civil actions with bankruptcy implications.

Beyond the four considerations set forth in Rule 23(g)(1)(A), the Court "may consider any other matter pertinent to counsel's ability to fairly and adequately represent the interests of the class." Fed.R.Civ.P. 23(g)(1)(B). Considerations outside those enumerated in Rule 23(g)(1)(A) also support the Consensus Plaintiffs' application.

■ Competing applicants have raised a concern that the firms designated as co-lead counsel under the Consensus Plaintiffs' proposed leadership structure—Berger & Montague, P.C. and Entwistle & Cappucci LLP—may be tainted by conflicts of interest arising out of their prior participation in the Securities Action, because the putative class in that action seeks damages from the same limited pool of resources as the putative class in the Commodities Action. It is evident from the docket, however, that neither firm currently represents any Securities Action plaintiff. As such, it appears that there is no basis to conclude that there is a potential conflict of interest.

The Commodities Action arises out of the bankruptcy of MF Global, which, of course, has also spawned actions in bankruptcy court. The Consensus Plaintiffs have actively and effectively advanced the interests of the putative commodities class in relevant bankruptcy proceedings. Counsel included in the Consensus Plaintiffs' application have filed claims and motions in the bankruptcy proceeding to preserve commodities customers' interest in MF Global insurance payouts, for example. This advocacy indicates that the Consensus Plaintiffs are committed to advancing the interests of the putative commodities class and strongly suggests that the Consensus Plaintiffs have the necessary understanding of the complex procedural context in which the Commodities Action will be prosecuted. The Accomazzo and Klinker Plaintiffs have been active in other ways—principally through political organization and congressional lobbying.[5] However, neither has taken the initiative to secure concrete legal protections for commodities customers.

---

**5.** Specifically, the Accomazzo Plaintiffs point to their counsel's participation in the Commodity Customer Coalition, a group formed to advocate for MF Global customers, and the Klinker Plain-tiffs note Mr. Klinker's testimony before Congress and citation by politicians as an exemplary MF Global client.

Additionally, the Court gives significant weight to the Consensus Plaintiffs' willingness to cooperatively develop a leadership structure among ten of the twelve plaintiffs whose cases have been consolidated into the Commodities Action. That a "large number[ ] of experienced counsel are satisfied to be represented by" the Consensus Plaintiffs "is some measure of the respect they command and the confidence of their peers that they will serve well in the role." *In re Air Cargo Shipping Servs. Antitrust Litig.*, 240 F.R.D. 56, 58 (E.D.N.Y.2006). *See also In re Crude Oil Commodity Futures Litig.*, 2012 WL 569195, at *2 (selecting interim lead counsel applicants proposing "leadership structure proposed by plaintiffs in more than two-thirds of the related cases in this consolidated action[, because] the Court gives some weight to plaintiffs' 'self selection' of class counsel") (*citing In re Rail Freight Fuel Surcharge Antitrust Litig.*, MDL No. 1869, 2008 WL 1883447, at *2 (D.D.C. Apr. 28, 2008)).

The leadership structure proposed by the Consensus Plaintiffs evinces both an appreciation for the complexity of the Commodities Action and an ability to work cooperatively to create a decisionmaking framework among plaintiffs' counsel. Those qualities will likely prove indispensible as the Commodities Action proceeds. The Court expects that the Consensus Plaintiffs' interim co-lead counsel will allocate responsibilities and costs as appropriate among plaintiffs' counsel, including the competing interim lead counsel applicants, and will keep all plaintiffs' counsel apprised of developments as the Commodities Action progresses. *See In re Crude Oil Commodity Futures Litig.*, 2012 WL 569195, at *2. Should the Consensus Plaintiffs' interim co-lead counsel determine that the proposed leadership structure requires amendment to formally incorporate additional firms or further particularize the division of decisionmaking authority, such alterations may be accomplished through letter request to the Court.

Additionally, because of Sapere's significant interest in retaining control over its individual action, the Consensus Plaintiffs must integrate Sapere into the leadership structure in a manner to reduce duplicative labor and most efficiently share information and costs. For these purposes, the Court will direct that Sapere's chosen counsel cooperate with the Consensus Plaintiffs' Interim Co–Lead Counsel in planning and allocating all costs and work required for both the Commodities Action and Sapere's individual action.

## III.  ORDER

Accordingly, it is hereby

**ORDERED** that the motions of H. Martin Klinker, Jr., Rocking K Land and Cattle, Inc., Philip Timothy Johnson and Wade Jacobsen (Docket No. 162) and David Accomazzo and Robert E. Calle Gracey (Docket No. 170) are DENIED; and it is further

**ORDERED** that the motions of Kay P. Tee, LLC, Thomas G. Moran, John Andrew Szokolay, Donald Tran, William Fleckenstein, Mark Dwyer, Thomas S. Wacker, and Summit Trust Company (Docket No. 155) and Paradigm Global Fund I Ltd., Paradigm Equities Ltd., Paradigm Asia Ltd., Zybr Holdings, LLC, Augustus International Master Fund, L.P., and William Schur (Docket No. 159) are GRANTED IN PART as modified by their subsequent filings (specifically Docket No. 280, filed Apr. 27, 2012). Accordingly, Berger & Montague, P.C. ("Berger") and Entwistle & Cappucci LLP ("Entwistle") are each designated Interim Co–Lead Counsel responsible for the tactical management and coordination of all legal work done on behalf of the putative commodities futures customer class. Further, Berger and Entwistle, along with Nisen & Elliot LLC, Susman Godfrey L.L.P., Grant & Eisenhofer P.A., and the Fleischman Law Firm are each designated as members of the Executive Committee, which will decide, by consensus, all issues of case strategy. Berger and Entwistle shall have joint authority to render final determinations as to strategic decisions on behalf of the putative class in the event that the Executive Committee cannot reach a consensus. And it is further

**ORDERED** that the January 30, 2012 motion of Sapere CTA Fund, L.P. ("Sapere") (Docket No. 149) is hereby GRANTED to the extent that Berger and Entwistle are

directed to cooperate with Sapere's counsel, Ford Marrin Esposito Witmeyer & Gleser, L.L.P., in the efficient and coordinated administration of the putative commodities class action and Sapere's individual action; and it is further

**ORDERED** that nothing herein diminishes or effects Sapere's right to assert individual claims through an individual complaint.

**SO ORDERED.**